```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/3/2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re WACHOVIA PREFERRED
SECURITIES AND BOND/NOTES
LITIGATION

No. 09 Civ. 6351 (RJS)
ORDER

# JUDGMENT APPROVING CLASS ACTION SETTLEMENTS

WHEREAS, a consolidated class action is pending in this Court entitled *In re Wachovia Preferred Securities and Bond/Notes Litigation,* Master File No. 09 Civ. 6351 (S.D.N.Y.) (RJS) (the "Bond/Notes Action" or "Action");

WHEREAS, Lead Bond/Notes Plaintiffs Orange County Employees' Retirement System, Louisiana Sheriffs' Pension and Relief Fund, and Southeastern Pennsylvania Transportation Authority, individually and on behalf of the Settlement Class (as hereinafter defined); defendants Wachovia Corporation ("Wachovia"), Wachovia Capital Trust IV, Wachovia Capital Trust IX, Wachovia Capital Trust X, Wachovia Capital Markets, LLC, Wells Fargo Securities, LLC, A.G. Edwards & Sons, Inc., Wells Fargo & Company (as successor-in-interest to Wachovia), G. Kennedy Thompson, Peter M. Carlson, Ross E. Jeffries, Jr., David M. Julian, Mark C. Treanor, Donald K. Truslow, Thomas J. Wurtz, John D. Baker, II, Robert J. Brown, Peter C. Browning, John T. Casteen, III, Jerome A. Gitt, William H. Goodwin, Jr., Maryellen C. Herringer, Robert A. Ingram, Donald M. James, Mackey J. McDonald, Joseph Neubauer, Timothy D. Proctor, Ernest S. Rady, Van L. Richey, Ruth G. Shaw, Lanty L. Smith, John C. Whitaker, Jr., and Dona Davis Young (collectively, the "Wachovia Defendants"); and defendant KPMG, LLP ("KPMG" and together with the Wachovia Defendants, the "Settling Defendants") have entered into a

Stipulation and Agreements of Settlement dated August 5, 2011 (the "Stipulation") that sets forth the terms and conditions of the following two settlements (collectively, the "Settlements"):

(1) The Wachovia Settlement, consisting of a settlement between (a) Lead Bond/Notes Plaintiffs, individually and on behalf of the proposed Settlement Class, and (b) the Wachovia Defendants, which provides for a complete dismissal with prejudice of the claims asserted in the Action against the Wachovia Defendants and the Underwriter Defendants on the terms and conditions set forth in the Stipulation, subject to the approval of this Court; and

(2) The KPMG Settlement, consisting of a settlement between (a) Lead Bond/Notes Plaintiffs, individually and on behalf of the proposed Settlement Class, and (b) KPMG, which provides for a complete dismissal with prejudice of the claims asserted in the Action against KPMG on the terms and conditions set forth in the Stipulation, subject to the approval of this Court.

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated August 9, 2011 (the "Preliminary Approval Order"), this Court (a) preliminarily approved both the Wachovia Settlement and the KPMG Settlement; (b) certified the Settlement Class for settlement purposes only; (c) ordered that notice of the proposed Settlements be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlements; and (e) scheduled a hearing regarding final approval of the Settlements;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, all Underwriter Defendants provided Lead Bond/Notes Counsel a signed Underwriter Defendant Release prior to the Settlement Hearing and, therefore, the defined term "Released Defendants" shall refer to the Settling Defendants and the Underwriter Defendants;

WHEREAS, the Court conducted a hearing on November 14, 2011 (the "Settlement Hearing") to consider, among other things, (i) whether the terms and conditions of the Wachovia Settlement and of the KPMG Settlement are fair, reasonable and adequate, and in the best interest of Lead Bond/Notes Plaintiffs and the other Settlement Class Members, and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Action with prejudice as against the Released Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlements, all oral and written comments received regarding the proposed Settlements, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction**: The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlements, as well as personal jurisdiction over all of the Settling Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents**: This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on August 5, 2011; and (b) the Notice and the Summary Notice, both of which were filed with the Court on October 10, 2011.

3. **Settlement Class Certification**: The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf

of all Persons who purchased or otherwise acquired Bond Class Securities during the Settlement Class Period, and were damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are all Defendants in the Action and their respective current or former Section 16 Officers, directors, partners, Immediate Family members, affiliates, legal representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a controlling interest, and any Person who has entered into a tolling agreement in connection with this Action and his, her or its respective current or former Section 16 Officers, directors, partners, Immediate Family members, affiliates, legal representatives, heirs, successors or assigns, and any entity in which any such Person has or had a controlling interest, provided that any Investment Vehicle shall not be deemed an excluded Person by definition. Also excluded from the Settlement Class are the Persons who validly requested exclusion from the Settlement Class, as listed on Exhibit A hereto.

4. **Adequacy of Representation:** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Bond/Notes Plaintiffs Orange County Employees' Retirement System, Louisiana Sheriffs' Pension and Relief Fund, and Southeastern Pennsylvania Transportation Authority as class representatives on behalf of the Settlement Class and appointing Lead Bond/Notes Counsel as co-counsel for the Settlement Class. Lead Bond/Notes Plaintiffs and Lead Bond/Notes Counsel have fully and adequately represented the Settlement Class, both in terms of litigating this Action and for purposes of entering into and implementing the Settlements, and meet the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice:** The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members (a) of the pendency of the Action, (b) of the effect of the Settlements (including the Releases provided for therein), (c) of Lead Bond/Notes Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, (d) of their right to object to any aspect of the Settlements (including any aspect of the Wachovia Settlement, the KPMG Settlement, or both), the Plan of Allocation, and/or Lead Bond/Notes Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, (e) of their right to exclude themselves from the Settlement Class, and (1) of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlements; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 77z-1(a)(7» (the "PSLRA"), the Rules of the Court, and all other applicable law and rules.

6. **Final Settlement Approval and Dismissal of Claims:** Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves each of the Settlements set forth in the Stipulation in all respects (including, without limitation, the Wachovia Settlement and the KMPG Settlement, the Wachovia Settlement Amount and the KMPG Settlement Amount, the Releases provided for therein, including the release of the Released Bond/Notes Claims as against the Released Defendant Persons, and the dismissal with prejudice of claims against the Released Defendants), and finds that each of the Settlements – other than with respect to the award of attorneys' fees, which is

addressed in a separate Order dated December 30, 2011 – is fair, reasonable, and adequate, and is in the best interests of Lead Bond/Notes Plaintiffs and the other Settlement Class Members. The Settling Parties are directed to implement, perform, and consummate each of the Settlements in accordance with the terms and provisions contained in the Stipulation.

7. (A) All of the claims asserted in the Action against the Wachovia Defendants and the Underwriter Defendants by Lead Bond/Notes Plaintiffs, Additional Bond/Notes Plaintiffs, and the other Settlement Class Members are hereby fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed, on the merits and with prejudice as of the Effective Date of the Wachovia Settlement; and (B) All of the claims asserted in the Action against KPMG by Lead Bond/Notes Plaintiffs, Additional Bond/Notes Plaintiffs and the other Settlement Class Members are hereby fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed, on the merits and with prejudice as of the Effective Date of the KPMG Settlement. The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **Binding Effect:** The terms of the Stipulation and of this Judgment shall be forever binding on the Settling Defendants, Lead Bond/Notes Plaintiffs, Additional Bond/Notes Plaintiffs and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors and assigns.

9. **Releases**: The releases as set forth in Paragraphs 5, 6, 7 and 8 of the Stipulation, together with the definitions contained in Paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date as to the Wachovia Settlement, Lead Bond/Notes Plaintiffs, Additional Bond/Notes Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every Released Bond/Notes Claim against the Wachovia Defendants and all other Wachovia Releasees, and shall forever be enjoined from prosecuting any or all of the Released Bond/Notes Claims against any Wachovia Releasees. This release shall not apply to any Person who has validly requested exclusion from the Settlement Class as listed on Exhibit A hereto;

(b) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date as to the Wachovia Settlement, each of the Wachovia Defendants and each of the other Wachovia Releasees, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every of the Released Wachovia Defendant Persons' Claims against all of the Bond/Notes Plaintiff-Related Releasees and shall forever be enjoined from prosecuting any or all of the Released Wachovia Defendant Persons' Claims against any of the Bond/Notes Plaintiff-Related Releasees. This

release shall not apply to any Person who has validly requested exclusion from the Settlement Class as listed on Exhibit A hereto;

(c) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date as to the KPMG Settlement, Lead Bond/Notes Plaintiffs, Additional Bond/Notes Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every Released Bond/Notes Claim against KPMG and all other KPMG Releasees, and shall forever be enjoined from prosecuting any or all of the Released Bond/Notes Claims against any KPMG Releasees. This release shall not apply to any Person who has validly requested exclusion from the Settlement Class as listed on Exhibit A hereto; and

(d) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date as to the KPMG Settlement, KPMG and each of the other KPMG Releasees, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every of the Released KPMG Defendant Persons' Claims against all of the Bond/Notes Plaintiff-Related Releasees and shall forever be enjoined from prosecuting any or all of the Released KPMG Defendant Persons' Claims against any of the Bond/Notes Plaintiff-Related Releasees. This release shall not apply to any Person who has validly requested exclusion from the Settlement Class as listed on Exhibit A hereto.

10. Notwithstanding ¶¶ 9(a) – (d), above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. **Complete Bar Order:**

(a) Any and all Persons are permanently barred, enjoined and restrained, to the fullest extent permitted by applicable law, from commencing, prosecuting or asserting any claim for indemnity or contribution against any Released Defendant Person (or any other claim against any Released Defendant Person where the alleged injury to such Person is that Person's actual or threatened liability to the Settlement Class or a Settlement Class Member in the Action), based upon, arising out of or related to the Released Bond/Notes Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, or third-party claims, whether asserted in the Action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere. However, with respect to any judgment that the Settlement Class or a Settlement Class Member may obtain against such Person based upon, arising out of or relating to any Released Bond/Notes Claim belonging to the Settlement Class or a Settlement Class Member, that Person shall be entitled to a credit of the greater of(i) an amount that corresponds to the percentage of responsibility of the Settling Defendants for the loss to the Settlement Class or the Settlement Class Member or (ii) the amount paid by or on behalf of the Settling Defendants to the Settlement Class or the Settlement Class Member for common damages;

(b) Except as provided in Paragraph 12 below, each and every Released Defendant Person is hereby permanently barred, enjoined and restrained, to the fullest extent permitted by applicable law, from commencing, prosecuting or asserting any claim for indemnity

9

or contribution against any Person other than a Person whose liability to the Settlement Class has been extinguished by the Settlement (or any other claim against any such Person where the alleged injury to such Released Defendant Person is that Released Defendant Person's actual or threatened liability to the Settlement Class or a Settlement Class Member in the Action), based upon, arising out of or related to the Released Bond/Notes Claims, whether arising under state, federal, or foreign law, as claims, cross claims, counterclaims, or third-party claims, whether asserted in the Action, in this Court, in any other federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere;

(c) Nothing in this Complete Bar Order shall prevent a putative Settlement Member who validly requested exclusion from the Settlement Class from pursuing any Released Bond/Notes Claim against any Released Defendant Person. If any putative Settlement Class Member who validly requested exclusion from the Settlement Class pursues any such Released Bond/Notes Claim against any Released Defendant Person, nothing in this Complete Bar Order or in the Stipulation shall operate to preclude such Released Defendant Person from asserting any claim of any kind against such putative Settlement Class Member (or seeking contribution or indemnity from any Person, including any co-defendant in the Action, in respect of the claim of such putative Settlement Class Member who validly requested exclusion from the Settlement Class);

(d) Notwithstanding anything to the contrary in this Complete Bar Order, in the event that any Person (for purposes of this provision, a "petitioner") commences against any of the Released Defendant Persons any action asserting a claim that is based upon, arises out of, or relates to any Released Bond/Notes Claim belonging to the Settlement Class or a Settlement Class Member and such claim is not barred by a court pursuant to this Complete Bar Order or is

not otherwise barred by the Complete Bar Order, the Complete Bar Order shall not bar claims by that Released Defendant Person against (i) such petitioner; (ii) any Person who is or was controlled by, controlling or under common control with the petitioner, or whose assets or estate are or were controlled, represented or administered by the petitioner, or as to whose claims the petitioner has succeeded; and (iii) any Person that participated with any of the Persons described in items (i) and (ii) of this provision in connection with the conduct, transactions or occurrences that are the subject of the claim brought against the Released Defendant Person(s), or any Person that was involved in the issues and damages alleged by the petitioner. Nothing in this paragraph shall be deemed to create a claim or cause of action against a petitioner or any other Person described in this paragraph;

(e) Nothing in this Complete Bar Order alters the rights between and among the Wachovia Defendants and the Underwriter Defendants under the terms of any written agreements governing the underwritings and the underwriting syndicates involved in the Action, as to which claims are not barred, released or discharged. Under this Complete Bar Order, barred claims do not include any claims for contribution or indemnity arising under the underwriting agreements relating to the offerings of Bond Class Securities or any other claims for contribution or indemnity between and among the Underwriter Defendants and Wachovia.

12. Notwithstanding anything in Paragraph 11 above, nothing in the Stipulation or in Paragraph 11 above shall operate to (a) preclude the Settling Defendants from asserting any claims against their own insurers; or (b) preclude the Settling Defendants or any other Person from asserting any claims, including claims for contribution or indemnity, against any Person, including any codefendants in this Action, in connection with or arising out of the following actions: (i) *In re Wachovia Equity Securities Litigation*, No. 08 Civ. 6171 (S.D.N.Y.) (RJS); (ii)

*Stichting Pensioenfonds ABP, et at. v. Wachovia Corporation, et al.*, No. 09 Civ. 04473 (S.D.N.Y.) (RJS); and (iii) *FC Holdings AB, et at. v. Wells Fargo & Co., et at.*, No. 09 Civ. 5466 (S.D.N.Y.) (RJS).

13. **Rule 11 Findings:** The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action.

14. **No Admissions:** Neither this Judgment nor the Stipulation or its negotiations or any proceedings take pursuant to it:

(a) shall be offered against any of the Released Defendant Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Persons with respect to the truth of any fact alleged by Lead Bond/Notes Plaintiffs and/or Additional Bond/Notes Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Persons;

(b) shall be offered against any of the Released Defendant Persons as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Defendant Persons, or by the Released Defendant Persons against Lead Bond/Notes Plaintiffs or any other Settlement Class Members as evidence of any infirmity in the claims of Lead Bond/Notes Plaintiffs or the other Settlement Class Members;

(c) shall be offered by Bond/Notes Plaintiffs against any of the Released Defendant Persons, or by the Released Defendant Persons against Bond/Notes Plaintiffs or any other Settlement Class Members, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Defendant Persons, or against the Lead Bond/Notes Plaintiffs or any other Settlement Class Members in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Settling Defendants, any other Released Defendant Person, Lead Bond/Notes Plaintiffs, the other Settlement Class Members and their respective counsel may refer to the Stipulation to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of either of the Settlements;

(d) shall be construed by any of the Settling Parties against any of the Released Defendant Persons, Bond/Notes Plaintiffs or any other Settlement Class Members as an admission, concession, or presumption that the consideration to be given under the Settlements represents the amount which could be or would have been recovered after trial; and

(e) shall be construed by any of the Settling Parties against Lead Bond/Notes Plaintiffs or any other Settlement Class Members as an admission, concession, or presumption that any of their claims are without merit, that any of the Released Defendant Persons had meritorious affirmative defenses, or that damages recoverable under the Amended Bond/Notes Complaint would not have exceeded the Total Settlement Amount or either of the Settlement Amounts.

15. **Retention of Jurisdiction**: Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Settling Parties for

purposes of the administration, interpretation, implementation and enforcement of the Settlements; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Bond/Notes Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the distribution of the Net Settlement Fund to Authorized Claimants; and (f) the Settlement Class Members for all matters relating to the Action.

16. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Bond/Notes Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of either of the Settlements.

17. **Modification of the Agreements of Settlement**: Without further approval from the Court, Lead Bond/Notes Plaintiffs and the Settling Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlements that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlements. Without further order of the Court, Lead Bond/Notes Plaintiffs and the Settling Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlements. To the extent that amendments or modifications are sought which affect only (a) the Wachovia Settlement or (b) the KPMG Settlement, such amendments or modifications shall require the agreement of only (i) Lead Bond/Notes Plaintiffs and the Wachovia Defendants or (ii) Lead Bond/Notes Plaintiffs and KPMG, respectively.

18. **Termination:** The Court finds that each of the Settlements, as set forth in the Stipulation and approved in this Judgment, (i) between Lead Bond/Notes Plaintiffs and the

Wachovia Defendants and (ii) Lead Bond/Notes Plaintiffs and KPMG were negotiated separately and independently from each other. The Court further directs that either Settlement shall proceed separately if one Settlement is terminated for reasons that do not affect the other Settlement. If one of the Settlements is terminated as provided in the Stipulation or the Effective Date does not occur as to such Settlement, then (a) this Judgment (and any orders of the Court relating to such Settlement) shall be vacated, rendered null and void and be of no further force or effect with respect to such Settlement only, to the extent provided for in the Stipulation; and (b) the terms of this Judgment (and all other orders of the Court relating to the other Settlement), and of the Stipulation, shall remain in full force and effect with respect to implementation, consummation and enforcement of the other Settlement.

19. **Entry of Final Judgment**: There is no just reason to delay the entry of this Judgment as a final judgment as against the Released Defendants. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment as against the Released Defendants.

SO ORDERED.

DATED: December 30, 2011
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

## Exhibit A

1.  Alice Carole Arrieta
    Westminster, MD

2.  Jeanne S. Babbitt & Floyd Babbitt TTEES
    Jeanne S. Babbitt Trust U/A DTD 11/24/89
    Buffalo Grove, IL

3.  Ballantyne Re plc
    Dublin, Ireland

4.  Harry A. Bending
    Tempe, AZ

5.  Commonwealth Bank of Australia
    London, United Kingdom

6.  Dexia Bank Belgium
    Dublin, Ireland

7.  Carolina Vives Habeych
    Bogota, Colombia

8.  Harriet T. Holmes
    Marietta, GA

9.  Barbara Perry Oeding REV TR.
    Destin, FL

10. Orkney Re II plc
    Dublin, Ireland

11. Marvin F. Quay
    Concord, CA

12. Renate Beckmann Redfield
    Fountain Hills, AZ

13. Robert Latimer Redfield
    Fountain Hills, AZ

14. Katherine H. Robinson
    Tallassee, AL

15. D. E. Seidel & Helen M. Seidel
    Green Valley, AZ

16. Shibel Family REV Trust UAD 12/19/88
    Charles M. Shibel TTEE
    Gladys M Shibel TTEE
    West Covina, CA

17. Robert John Siefert
    Whitefish Bay, WI

18. Rosalie E. Simons IRA
    Sturgis, SD

19. Stephen Lance Sparlin
    Tulsa, OK

20. Marcella T. Talbott & Wayne E. Talbott
    Homewood, IL

21. Jose I Vives M.
    Bogota, Columbia

22. Mildred A. Weitzenhoffer TTEE,
    Mildred A. Weitzenhoffer Revocable Trust
    Norman, OK

23. Gerald E. Whalen & Sandra K. Whalen
    JTWROS
    Lexington, IL

24. Mark A. Willis
    Pensacola, FL